IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANELL GOMES,

     Plaintiff,                                CIV. NO. S-11-1790 KJM GGH PS

     vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. et al.,

     Defendants.                              ORDER

_____/

        Defendants Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A. as successor by merger with BAC Home Loans Servicing, LP's ("Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is presently calendared for hearing on November 17, 2011. (See Dkt. No. 6.) The motion was filed and served on September 9, 2011. On November 1, 2011, plaintiff filed a first amended complaint. (Dkt. No. 11.) The first amended complaint includes additional factual allegations, removes causes of action for unjust enrichment and constructive trust, and adds causes of action for conversion, violation of the federal Fair Debt Collection Act, and violation of the California Fair Debt Collection Act.

        Generally, when an amended complaint is filed while a motion to dismiss is pending, it moots the motion to dismiss. Williamson v. Sacramento Mortgage, Inc., 2011 WL

1

4591098, at *1 (E.D. Cal. Sept. 30, 2011).  However, this principle only applies when an amended complaint was timely filed.[1]  In this case, plaintiff's first amended complaint was not filed within 21 days of the filing of the motion to dismiss and so requires leave of court.  See Fed. R. Civ. P. 15(a)(1)(B) & 15(a)(2).

That said, "Rule 15 advises the court that leave shall be freely given when justice so requires.  This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted).  Here, it makes little sense to keep the original complaint, given that the first amended complaint adds additional factual allegations, removes several causes of action, and adds additional causes of action not addressed by defendants' motion to dismiss.  In the interest of judicial economy and to lend efficiency to these proceedings, the court will simply grant plaintiff leave to file the first amended complaint under Fed. R. Civ. P. 15(a)(2) instead of requiring additional motion practice to seek leave to amend.  The first amended complaint will become the operative complaint, and defendants' motion to dismiss will be denied without prejudice as moot.

Accordingly, IT IS ORDERED that:

1. The November 17, 2011 hearing on defendants' motion to dismiss is vacated.

2. Defendants' motion to dismiss (dkt. no. 6) is denied without prejudice as moot.

3. Plaintiff is granted leave to file the first amended complaint, which is now deemed the operative complaint in this action.

\\\\

\\\\

\\\\

---

[1] Federal Rule of Civil Procedure 15 governs amended pleadings.  Rule 15 (a)(1) states: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

      4.  Defendants shall file an answer or other responsive motion to the first amended complaint within 28 days of the date of service of this order.

DATED: November 3, 2011

                /s/ Gregory G. Hollows

                UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Gomes.1790.vac.wpd